UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INDUSTRIAL COMPRESSOR SUPPLIES, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 4:12CV1446JAR |
| COMPRESSED AIR PARTS COMPANY, ED TORLINA, KELLY TORLINA, and PATRICIA M. CHOMSKIS, | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Patricia M. Chomskis' Motion to Dismiss or, in the Alternative, for More Definite Statement [ECF No. 15] and Defendants Compressed Air Parts Company, Ed Torlina and Kelly Torlina's Motion to Dismiss or, in the Alternative, for More Definite Statement. [ECF No. 17] The motions are fully briefed and ready for disposition. For the following reasons, the motions will be denied.

**Background**

Plaintiff Industrial Compressor Supplies, LLC ("ICS") brings this action against Defendants Compressed Air Parts Company ("CAPCO"), Ed Torlina, Kelly Torlina, and Patricia Chomskis, alleging violations of the Lanham Act, and specifically 15 U.S.C. § 1125(d), for intentional trademark infringement. ICS further alleges violations of the Missouri Uniform Trade Secrets Act, Mo.Rev.Stat. § 417.450, et seq., the Missouri Deceptive Trade Practice Act, Mo.Rev.Stat. § 407.020, and misappropriation of trade secrets under Missouri common law and common law trademark infringement.  (Complaint for Damages and Injunctive Relief ("Compl."), Doc. No. 1)

In its complaint, ICS alleges it began using the trade name and mark "eaircompressorparts.com" and "ICS Industrial Compressor Supplies" on February 20, 2007 in connection with the compressor parts business and has used the name exclusively and continuously since that time. (Compl., ¶ 13, 14, 15) ICS states that its continuous and extensive use and promotion of the ICS name has created substantial goodwill and name recognition as a provider of compressor parts and related supplies throughout the United States and Mexico. (Id., ¶ 16)

Defendant Ed Torlina was employed by ICS from December 2010 to March 14, 2012. (Compl., ¶ 17) During that time, he accessed ICS pricing data, part numbers and other proprietary information including, but not limited to accounting data and pictures of ICS inventory used exclusively on the ICS website. (Id., ¶ 18, 22)

ICS alleges that on April 3, 2012, Kelly M. Torlina "and/or" Patricia M. Chomskis formed Compressed Air Parts Company ("CAPCO"). (Id., ¶ 20) Thereafter, CAPCO created a domain name, "e-aircompressorparts.com," which is "virtually identical" to the ICS domain name. (Id., ¶ 21) ICS further alleges that Kelly M. Torlina "and/or" Patricia Chomskis used the proprietary information acquired by Ed Torlina to populate the e-aircompressorparts.com website and conspired to use ICS trademarks and proprietary information to generate revenue for CAPCO. (Id., ¶ 22, 23) CAPCO subsequently began using the domain name as an address for a website promoting the ICS mark and trade name in connection with the industrial compressor parts business, creating the false impression throughout the industrial compressor industry and among consumers that CAPCO is endorsed, sponsored and/or associated by and with ICS . (Id., ¶¶ 24 - 27)

Defendants move to dismiss ICS's complaint for failure to state a claim under the Lanham Act. Because the Lanham Act claim is the only claim over which this Court has original jurisdiction, Defendants urge the Court to decline to exercise supplemental jurisdiction over ICS's remaining claims. 28 U.S.C. § 1367(c)(3). Alternatively, Defendants request the Court order ICS to amend its

complaint to plead specific allegations against the Torlina Defendants and Defendant Chomskis, including what actions they are alleged to have taken and in what capacity they are alleged to have acted.

### **Legal Standards**

In ruling on a motion to dismiss, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir.2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir.2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir.2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir.2004). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his or her claim. Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir.1995).

A motion for more definite statement is proper when a party is unable to determine the issues that must be met, or where there is a major ambiguity or omission in the complaint that renders it unanswerable. Love v. Career Educ. Corp., 2012 WL 10614, at *1 (E.D.Mo. Jan. 3, 2012) (citing Tinder v. Lewis County. Nursing Home Dist., 207 F.Supp.2d 951, 959 (E.D.Mo.2001) (internal citations omitted)). However, because of the availability of extensive discovery and liberal notice pleading, motions for more definite statement are generally denied. Broadcast Music, Inc. v. MWS,

LLC, 2012 WL 368736, at *3 (E.D.Mo. Feb. 3, 2013) (citing Tinder, 207 F.Supp.2d 951, 959). Further, motions for more definite statement are designed to strike unintelligibility rather than lack of detail in the complaint. Id. (quoting Patterson v. ABS Consulting, Inc., 2009 WL 248683, at *2 (E.D. Mo. Feb. 2, 2009).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A complaint must simply give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Huggins v. FedEx Ground Package System, Inc., 592 F.3d 853, 862 (8th Cir.2010); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Conley, 355 U.S. at 47 ). This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define the disputed facts and to dispose of claims lacking merit. Swierkiewwicz, 534 U.S. at 512.

**Discussion**

With these standards in mind, the Court has reviewed ICS's complaint and finds that neither dismissal under Fed.R.Civ.P. 12 nor the filing of an amended complaint is warranted at this time. In ruling on a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. At this stage in the proceedings, ICS's complaint meets this standard.

To establish a cybersquatting claim under 15 U.S.C. § 1125(d)[1], ICS must allege that (i) the e-aircompressorparts.com domain name is identical or confusingly similar to the eaircompressorparts.com mark, and (ii) the domain name was registered with a bad faith intent to

---

[1] In 1999 Congress passed the Anticybersquatting Consumer Protection Act (ACPA) in order to prevent misappropriation of trademarks by stopping conduct known as "cybersquatting." See ACPA, Pub.L. No. 106–113, 113 Stat. 1501 (1999) (codified at 15 U.S.C. § 1125(d)). In the ACPA Congress added section 43(d) to the Lanham Act. Coca-Cola Co. v. Purdy, 382 F.3d 774, 778 (8th Cir. 2004).

profit from the eaircompressorparts.com mark. Dynamis, Inc. v. Dynamis.com, 780 F.Supp.2d 465, 471 (E.D.Va. 2011) (citing People for the Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 367 (4th Cir.2001)). Defendants argue the complaint fails to state a claim for cybersquatting because there is no allegation that the domain name has been registered as a trademark with the US Patent and Trademark Office, or that the domain names listed in the complaint include the name of the registrants, any patent holders or anyone involved in the litigation. (Memoranda is Support of Motion to Dismiss, Doc. Nos. 16, 18, pp. 1-2) Next, Defendants argue there is nothing distinctive or famous about the domain names. 15 USC § 1125(d)(1)(A). (Id., p. 2) Finally, while ICS complains that the two domain names are similar, and likely to cause confusion, there are no allegations in the complaint from which the Court could infer bad faith intent. (Id.) None of these arguments warrant a threshold dismissal of the complaint. At the motion to dismiss stage, the allegations in ICS's complaint must be taken as true.

The complaint alleges that: (i) CAPCO "willfully, knowingly and intentionally" used the domain name e-aircompressorparts.com without ICS's consent or authorization (Compl., ¶ 33); (ii) CAPCO's domain name, e-aircompressorparts.com, is strikingly similar to ICS' domain name (Id., ¶ 32); (iii) CAPCO's use of the e-aircompressorparts.com domain name is very likely to cause confusion, or to cause mistake, or to deceive the consuming public (Id., ¶ 34); and (iv) CAPCO's actions are a deliberate and willful attempt to create an appearance among the parties' consumers that CAPCO is endorsed, sponsored and/or associated by and with ICS. (Id., ¶ 28) The Court finds these allegations are sufficient to state a claim for cybersquatting under the ACPA.

Finally, Defendants' motions for more definite statement must also be denied. In support of their motions, Defendants argue there are no specific allegations that the individual defendants acted in an individual capacity. While there are some allegations that Patricia Chomskis "and/or" Defendant Kelly Torlina used proprietary information to populate the corporate website, ICS does

not state whether this was done on behalf of the corporation, individually, or as an employee. (Doc. Nos. 16, 18, p. 3) On its face, the complaint is not so "vague or ambiguous" that Defendants cannot reasonably frame a response. Defendants have fair notice of what ICS's claims are and the grounds upon which they rest. Fed.R.Civ.P. 8(a). Moreover, Defendants will have ample opportunity during the discovery process to learn the details of Plaintiff's allegations. See Mounger Const., LLC v. Fibervision Cable Services, LLC, 2012 WL 1745543, at * 4 (E.D. Mo. May 16, 2012) (citing Century '21' Shows v. Owens, 400 F.2d 603, 607 (8th Cir. 1968)). If Defendants do not believe they can be held legally responsible, they should so state in an answer or file the appropriate motion after discovery. Broadcast Music, 2012 WL 368736, at *3.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Patricia M. Chomskis' Motion to Dismiss or, in the Alternative, for More Definite Statement [15] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants Compressed Air Parts Company, Ed Torlina and Kelly Torlina's Motion to Dismiss or, in the Alternative, for More Definite Statement [17] is **DENIED**.

Dated this 22nd day of February, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE